**Opinion issued August 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00847-CR

———————————

**JULIUS DAWSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1418594**

---

## MEMORANDUM OPINION

Appellant, Julius Dawson, without an agreed punishment recommendation

from the State, pleaded guilty to the felony offense of aggravated robbery with a

deadly weapon.[1] The trial court found appellant guilty and assessed his punishment at confinement for seven years. The trial certified that this case is not a plea-bargain case and appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel also has informed the Court that she delivered a copy of the brief, the clerk's record, and the reporter's record to appellant and informed him of his right to file a response.[2] *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014)

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2011).

[2]    Additionally, on receipt of appellant's *pro se* motion for access to the record, we directed the trial court clerk to provide appellant a copy of the record. *See Kelly v. State*, 436 S.W.3d 313, 321 (Tex. Crim. App. 2014). The trial court clerk then notified this Court that the record had been provided to appellant. *See id.* at 321–22.

(citations omitted); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response.

We have independently reviewed the entire record in this appeal, and conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] Attorney Patti Sedita must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).